IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEVORY W. HICKMON,**
**D.O.C. # 746479,**

    **Plaintiff,**

vs.                                      Case No. 4:07cv210-WS/WCS

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, et al.,**

    **Defendants.**

                                              /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, submitted a civil rights complaint on May 11, 2007. Doc. 1. Because Plaintiff did not submit the filing fee or simultaneously file a motion seeking leave to proceed with *in forma pauperis* status, an Order was entered directing Plaintiff to take one of those actions. Doc. 3. It has taken additional time for Plaintiff to comply, but he has now filed an *in forma pauperis* motion. Docs. 5, 6.

It has been discovered that Plaintiff is not entitled to proceed *in forma pauperis* in the federal courts because he has already incurred three "strikes" under 28 U.S.C. §

1915(g).  Judicial notice is taken that Plaintiff has commenced over twenty cases in the Middle District of Florida, nine of which were dismissed for failing to state a claim.  *See* Doc. 5, case 6:06cv772-JA-JGG.  In case 6:06cv772, Plaintiff was denied *in forma pauperis* status and his complaint dismiss as frivolous.

Plaintiff is not entitled to *in forma pauperis* status and he is barred by § 1915(g) from proceeding without full payment of the filing fee at the time of case initiation. Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action "if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). There is one exception to that bar, however.  Plaintiff may proceed if he presents claims that he is under "imminent danger of serious physical injury."  Plaintiff's complaint has been reviewed to determine whether he meets that provision.

The named Defendant here is the Florida Department of Corrections, not an appropriate Defendant in a § 1983 civil rights case.  There are no allegations properly stated against the Department.  Nevertheless, Plaintiff asserts that he was transferred to Liberty Correctional Institution on February 25, 2007.  Plaintiff contends he noticed an inmate "making gestures towards [Plaintiff] to another inmate on February 28, 2007." Doc. 1, p. 8.  On March 6 2007, Plaintiff saw this same, unidentified inmate "making gestures at him, again."  *Id.*  Plaintiff reports that he notified staff and staff put Plaintiff in administrative confinement pending an investigation.  *Id.*

Plaintiff states that he wrote an emergency grievance requesting "an immediate transfer" but his grievance was not processed.  Plaintiff states that he alleged to prison officials that "he was in fear for his life at Liberty C.I. and in the Northern prison region on account of racial issues being pursued . . . ."  *Id.*, at 8.  Plaintiff states he is in danger of harm and is in "fear of life from possibly other covert/overt forms of retaliatory acts from Defendants state officials and being deprived of a right to immediate transfer from Northern Region."  *Id.*  Plaintiff asserts that he has been threatened "by white officials many times in the Northern prison region on account of his religion, race, and civil actions against there [sic] fellow officers."  *Id.*, at 9.  Plaintiff alleges he is "in fear every day of harm in some way or another from white official in the Northern region prisons, even while being in protective custody at Liberty C.I."  *Id.*

Plaintiff claims that his "due process right to immediate transfer under his specific circumstances [is] being violated" and that officials will "allow physical injury to be brought upon Plaintiff."  *Id.*, at 10.  Plaintiff seeks an order directing his "immediate transfer to a reception facility until this case could be fully examined."  *Id.*

Plaintiff's complaint lacks sufficient detail to demonstrate imminent danger.  There is no identification of a particular inmate presenting a serious threat of harm to Plaintiff.  Plaintiff merely alleges an inmate made gestures, but there is no detail of such gestures.  Plaintiff does not identify the inmate or explain a reasonable fear of injury.

If Plaintiff believes he is at risk from another inmate, Plaintiff should do what he has alleged he has done, alert prison officials to the potential harm so they could take steps to ensure Plaintiff's safety.  That process has been carried out as Plaintiff alleges he alerted prison officials of his fears and they placed him in protective custody in early

Case No. 4:07cv210-WS/WCS

March, 2007.  Plaintiff then waited nearly two months, until May, 2007, to file this action.  Thus, it is implicit that injury is not imminent.  *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (noting "that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis"); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (same); *cited by* Abdul-Akbar v. McKelvie, 239 F.3d 307, 313-314 (3d Cir. 2001) (concluding that a prisoner must be under "imminent danger" at the time he brings the civil action).

In light of the fact that Plaintiff asserts that steps have been taken to protect him by placing him in protective custody, and an investigation has been undertaken to review the situation, it does not appear that Plaintiff has sufficiently presented a claim of being in imminent danger of serious physical injury.  There are no allegations of any threats of harm since early March, and no allegations that prison officials have ignored Plaintiff's alleged plight.  There are no allegations of any specific or identifiable persons who pose a threat to Plaintiff and no specifics of harm in the close proximity of time that Plaintiff initiated this case.  Plaintiff's broad and conclusory allegations do not sufficiently demonstrate that he should be granted *in forma pauperis* status to litigate this case.

Moreover, Plaintiff's claim on the merits is not viable.  Well established law provides that prisoners have no constitutional right to remain in, or be transferred to, a particular institution or within a particular region, with particular rules, regulations, or privileges.  Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976).  Both Meachum and Montanye held that intrastate prison transfers did not implicate the prisoners' due process rights.  Shortly thereafter, the Supreme Court held in Olim v.

Wakinekona, 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983), that transferring a prisoner from a Hawaii state prison to a California prison did not implicate a liberty interest protected by the Due Process Clause.  Prisoners simply do not have the right to remain incarcerated within a particular geographic area.  Meachum, 427 U.S. at 224, 96 S. Ct. at 2538.  Thus, Plaintiff has no constitutional right to demand a transfer out of the Northern region of Florida.  Plaintiff has the right to have prison officials protect his safety, but Plaintiff has not presented allegations showing that officials have ignored him or been deliberately indifferent to a potential threat of harm from another inmate.

In Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), the Court noted that even though the prisoner had alleged being in imminent danger of serious physical injury, it was appropriate to consider whether the prisoner stated a valid claim under the Eighth Amendment.  In that case, the inmate had shown deliberate indifference.  *Id.*, at 1351.  In this case, Plaintiff has not presented sufficient facts to demonstrate either a viable constitutional claim or that he is under imminent danger of serious physical injury.

Finally, Plaintiff's complaint fails to identify all of Plaintiff's cases which were "dismissed as frivolous, malicious, failing to state a claim, or prior to service."  Doc. 1, p. 7.   In response to Question D, which requires Plaintiff to "identify each and every case so dismissed," Plaintiff provides no case number, but appears to suggest there was just one such case against the Federal Bureau of Investigation, filed in the Middle District, dismissed in 2006 for failure to state a claim.  That information is inaccurate as is clearly revealed in case 6:06cv772 from the Middle District.  Plaintiff has had at least nine such dismissals.  Plaintiff's failure to honestly disclose these cases provides another reason to dismiss this action.

As Plaintiff does not fall within the "imminent danger" exception for proceeding with *in forma pauperis* status, 28 U.S.C. § 1915(g), this case must be dismissed without prejudice to Plaintiff refiling the case and simultaneously submitting the full filing fee. *See* Dupree v. Palmer**,** 284 F.3d 1234 (11th Cir. 2002).  If

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** because Plaintiff is barred by 28 U.S.C. § 1915(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on August 3, 2007.


s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**